RUSSELL F. BRYSON *vs.* PERSONNEL BOARD OF THE CITY OF PAWTUCKET.

AUGUST 2, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for a writ of certiorari to review and quash the decision of the respondent board sustaining the action of the personnel director in summarily dismissing the petitioner as an employee of the city of Pawtucket. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that petitioner had been employed as a truck driver and general laborer from September 1953 to the date of his discharge on May 11, 1954. On his appeal to the respondent board petitioner testified that at the time of his dismissal no permanent employee had been appointed to take his place; that he was dismissed by the personnel director on the latter's own responsibility; and that said director failed and refused to state any reason for his dismissal. No testimony to refute such claims was offered by the personnel director at the hearing before the respondent board.

On July 22, 1954 the board issued the following writing:

"Findings of Facts

1. The Board finds that upon presentation of all the evidence submitted and briefs of counsel that Mr. James A. Kenney, Personnel Director was acting in accordance with the provisions of the City Charter.

Decision

1. Upon consideration of the evidence presented by the complainants and the respondent and review of briefs filed with the Board, the Board denies both the appeal of Joseph Rodrigues, Russell F. Bryson and William R. Ogden that they be restored to their former positions and the proposed findings of facts submitted by Counsel for the complainants."

From an examination of the above so-called "Findings

of Facts," it is apparent that in reality the determination is not a finding of fact at all but a conclusion of law. Even if we assume that it was within the province of the personnel board to interpret finally the legal aspects of the charter of the city of Pawtucket, no facts are found or referred to upon which such legal interpretation could be premised. Further, the above decision does not indicate whether petitioner's appeal was denied upon the board's so-called findings of facts or on their conclusion of law. Hence it was not in conformity with their powers and duty under the applicable provisions of the charter.

The summary dismissal of petitioner took place several months after the adoption of the charter. During that interval petitioner was clearly a *temporary* employee. In the recent case of *Durkin* v. *Personnel Board,* 83 R. I. 353, we held that "the charter intended that dismissals of temporary employees, pending their qualification as permanent employees, should only be for cause, the reasons therefor being clearly set out so that the dismissed employee should have an opportunity to defend against them. Otherwise the most competent and conscientious employees who had been made temporary by the charter might be summarily dismissed merely to make room for other appointees who might have far less qualifications than those who were displaced. In such event temporary employees would be wholly prevented from ever having an opportunity to qualify for permanent appointment to their positions, which opportunity the charter obviously intended to grant them." That principle applies equally to the instant case. It follows therefore that petitioner as a temporary employee was entitled to a hearing on charges and to be dismissed only for cause.

The respondent board contends, however, that the adoption of certain regulations referred to in article VII, sec. 7-103, of the charter was necessary to give petitioner such protection; that these had not been prepared and submitted

by the personnel director to the personnel board for its approval and had not been approved by the latter; and that therefore petitioner and other temporary employees were not protected by the provision relating to discharges for cause. Our answer is that the record does not disclose the existence of such a situation. On certiorari we do not consider any matters dehors the record. However, because of the importance of this contention and the fact that it may possibly be asserted in future cases as a relative issue raised by the record, we shall discuss it briefly here.

In our opinion the citizens of the city of Pawtucket who adopted the charter involved herein did not intend to make the rights of temporary employees, as they are derived from other sections of said charter, depend upon compliance by the personnel director and the personnel board with the provisions of art. VII, sec. 7-103, relating to the preparation and adoption of regulations. If that were so, either the personnel director or the personnel board could delay action under sec. 7-103 indefinitely, or until such time as all employees who were *persona non grata* to the incumbent administration could be arbitrarily removed regardless of their proved efficiency, and could be supplanted by others regardless of their qualifications for the vacated offices. In our opinion such a result or system was not contemplated by the framers of the charter or by the electorate when it was adopted, and petitioner's dismissal was arbitrary and not for cause as required.

In the circumstances it is our opinion that the decision of the respondent board approving the dismissal of petitioner is erroneous in law; that therefore the petitioner was illegally discharged; and that he is entitled to be restored to his position and to receive the salary thereof from the date of his dismissal, less the amount of any and all compensation which he has received after that date from any other employment pending the outcome of the instant proceedings.

The petition for certiorari is granted, the pertinent decision and records of the respondent board are quashed, and the papers certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Coffey, Ward, Hoban & McGovern, Albert J. Hoban,* for petitioner.

*John A. O'Neill, City Solicitor, Harvey J. Ryan, Ass't City Solicitor,* for respondent.