RUSSELL F. BRYSON *vs.* JOSEPH P. CLARK, *Director of Finance.*

JUNE 4, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of debt on judgment which was tried before a justice of the superior court sitting without a jury. The case is here on the defendant's bill of exceptions containing a single exception to the trial justice's decision in favor of the plaintiff.

The controversy between the parties arose over the proper construction of certain language in our opinion in *Bryson* v. *Personnel Board*, 83 R. I. 366. In that case plaintiff brought a petition for certiorari to quash the record of said board dismissing him from his position in the service of the city of Pawtucket. This court granted his petition and quashed such record as illegal and void. In the opinion in that case, at page 369, we stated that plaintiff was entitled "to be restored to his position and to receive the salary thereof from the date of his dismissal, *less the amount of any and all compensation which he has received after that date from any other employment pending the outcome of the instant proceedings.*" The words which we have italicized here are the ones which are differently interpreted by the parties in the instant action.

It appears from the evidence that plaintiff was restored to his position on August 17, 1955; that his salary from the date of his dismissal to that date was $2,984.70; that during such period he received from other employment $723 and from the city while he was on "work relief" $964.80; and that the city deducted those two amounts from his salary and paid him the balance of $1,296.90. It further appears from the evidence that while plaintiff was on relief he was able to work; that in accordance with the rules and regulations of the welfare department of the city he was required to do certain work during the period he received

weekly relief payments of $23; and that such payments amounted in the aggregate to $964.80.

Said "work relief" payments were provided out of funds appropriated partly by the city and partly by the state. It was undisputed that such relief would have been given plaintiff even though he was unable to work. But it was also undisputed that recipients of relief were required to work if they were able. In other words plaintiff would have been entitled to receive the weekly payments even though he did no work, provided he was unable to do so.

On the basis of that evidence plaintiff contends that the $964.80 which he received as "work relief" pay was not "compensation which he had received * * * from any other employment" within the reasonable intendment of such words as used by this court in its above-cited opinion. Hence, he claims that defendant owes and unlawfully withholds from him the sum of $964.80.

On the other hand defendant contends that such sum was in effect compensation and if the city is compelled to pay plaintiff again he would in effect receive double compensation. This, he claims, would place plaintiff "in a better financial position than he enjoyed before his injury" and thus would be contrary to the intent of the law. Implicit in the language of our decision, he further contends, was the intention to do no more than make plaintiff whole to the extent of the amount which he had actually lost while he was deprived of his position.

The defendant cites no authorities for his contention but rests solely upon his construction of our opinion. The plaintiff likewise cites none for his contention although in his oral argument before us he quoted from some authorities in support of the view that one unlawfully dismissed from his office or employment is entitled to the compensation which he would have received but for his illegal dismissal.

We do not think it is necessary to refer to any authorities to resolve the instant controversy. Assuming without

deciding that plaintiff is entitled to sue in debt on judgment on the sole basis of certain language in an opinion of this court granting a petition for certiorari and quashing the record thereby certified, we are nevertheless of the opinion that plaintiff is not entitled to further payment from defendant. He has already been made whole in accordance with the intent of the language in our prior opinion.

It was not our intention that plaintiff by any narrow construction of the word "compensation" therein should be able to enrich himself. Our purpose in using such language was to *limit* the plaintiff's claim to reimbursement. We held that he was entitled to receive his salary less "any and all compensation" which he has received during the time he was unlawfully deprived of the opportunity to earn such salary. Under that holding any money he received while actually working in private employment or in public employment regardless of its nature was to be deducted from his claim.

The undisputed evidence here shows that while on relief he was able to work, was required to work, and did work. He therefore earned his weekly relief payment of $23. In such circumstances it would be unrealistic to say that this was not compensation for service rendered. Indeed it would be unfair to a relief worker to call it a mere gratuity and not compensation. We are not concerned here with the question whether, for the service he rendered, the plaintiff was overcompensated or undercompensated. Nor are we concerned with the question whether or not the $964.80 which he has received would be deemed compensation if he had performed no work. Our decision must be limited to the evidence in this case. On the facts before us there is no merit in the plaintiff's contention that the $964.80 is not to be deemed compensation. Hence, he is not entitled to prevail in the instant action.

The defendant's exception is sustained, and the decision of the trial justice is reversed. On June 17, 1959 the plain-

tiff may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Coffey, Ward, Hoban & McGovern, Albert J. Hoban,* for plaintiff.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor, for defendant.